Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Plaintiff/Attorney*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK L. JAVITCH, <br><br> Plaintiff, <br><br> vs. <br><br> WEB LISTING EXPERTS LLC, a Florida limited liability company, WEB LISTING EXPERTS LLC, a Delaware limited liability company, BROADLEAF MARKETING & SEO, LLC <br><br> Defendants. | Case Number: 3:19-cv-05419 <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiff MARK L. JAVITCH ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant WEB LISTING EXPERTS LLC (Florida), Defendant WEB LISTING EXPERTS LLC (Delaware), and Defendant BROADLEAF MARKETING & SEO, LLC ("Defendants"), to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

## NATURE OF THE ACTION

1. Defendants sell services placing listings on Google and other search engines. As a part of marketing their products and services, Defendants and their agents placed calls to

Plaintiff's cell phone. When Plaintiff answered, Defendants played Plaintiff a prerecorded voice message.

2. Unfortunately, Defendants did not obtain consent from Plaintiff prior to calling his cell phone, and Defendants is therefore liable under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

4. The TCPA targets unauthorized calls exactly like the one alleged in this case, based on Defendants' use of technological equipment to send advertisements to people on a mass scale without his consent.

5. By placing the call at issue, Defendants violated the privacy of Plaintiff and caused him to suffer statutory damages.

6. Plaintiff therefore seeks an injunction requiring Defendants to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

**PARTIES**

7. Plaintiff MARK L. JAVITCH is a natural person and is a citizen of the Northern District of California.

8. Defendant WEB LISTING EXPERTS LLC is a limited liability company organized and existing under the laws of the state of Florida, with its principal place of business in Palm Beach County, Florida at 811 Lucerne Ave, Lake Worth, Florida, 33460.

9. Defendant WEB LISTING EXPERTS LLC is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in Palm Beach County, Florida at 811 Lucerne Ave, Lake Worth, Florida, 33460.

COMPLAINT                                                                                          CASE NO.: <u>3:19-cv-05419</u>

Page 2

10. Defendant BROADLEAF MARKETING & SEO, LLC is a limited liability company organized and existing under the laws of the state of Florida, with its principal place of business in Palm Beach County, Florida at 811 Lucerne Ave, Lake Worth, Florida, 33460.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has supplemental jurisdiction over all Plaintiff's California and common law claims under 28 U.S.C. § 1367(a) because they are so related to the TCPA claims in this action that arise under the Court's original jurisdiction that they form part of the same case or controversy.

13. This Court has personal jurisdiction over Defendants because it targeted its sales efforts towards Plaintiff in this District and in the State of California and because the events giving rise to this lawsuit occurred in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants regularly conducts business in the State of California and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## FACTS

15. On August 27, 2019, Plaintiff received a call from Defendants at 8:19 a.m. on his cell phone number ending in 5544.

16. The Caller ID displayed as +1 (402) 204-3992 .

17. The Caller ID displayed a "spoofed" or falsified caller ID number in a Nebraska area code, even though Defendantss were located in Florida.

18. When Plaintiff answered the call, he heard a prerecorded voice message.

19. The prerecorded voice said that Plaintiff's Google listing was unclaimed and to "press one" to resolve the issue.

20. Plaintiff pressed one and was then connected with a live telemarketing agent.

21. The agent offered to place a listing on Google.

22. Plaintiff discussed purchasing Defendants listing service.

23. Defendants emailed Plaintiff an invoice from billing@weblistingsolutions.com.

24. Plaintiff received a receipt from WEB LISTING SOLUTIONS.

25. Upon information and belief, Defendants operate the website weblistingsolutions.com.

## FIRST CAUSE OF ACTION
Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
Against all Defendants

26. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

27. Defendants and/or its agents placed at least one telephone call to Plaintiff's cellular telephone.

28. Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendants.

29. Defendants's call was made for the purpose of marketing and advertising, constituting commercial advertising and telemarketing as contemplated by the TCPA.

30. Defendants played a prerecorded voice message to Plaintiff's cell phone as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

31. As a result of its unlawful conduct, Defendants invaded Plaintiff's personal privacy, causing him to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in civil penalties for each violation and an injunction requiring Defendants to stop its illegal calling.

32. Not only did Defendants make these violating calls, Defendants and/or its agents did so "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C).

33. If the court finds that Defendants willfully or knowingly violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
Violation of Cal. Civ. Code §1770(a)(22)(A)
California Consumers Legal Remedies Act
Against all Defendants
(Injunctive Relief under §1780)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Cal. Civ. Code §1750, et seq., California's Consumer Legal Remedies Act, prohibits a specific list of 27 unfair business practices.

36. Cal. Civ. Code §1770(a)(22)(A) prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, the address or the telephone number of the caller, and without first obtaining the consent of that person to listen to the prerecorded message."

37. By playing a prerecorded voice message to Plaintiff's cell phone without first asking for his consent with a natural voice, Defendants has violated Cal. Civ. Code §1770(a)(22)(A).

38. Consumers who suffer damage due to an unlawful business practice may bring an action to enjoin a corporation's unlawful business practices throughout the state on behalf of the general public.

39. Plaintiff is entitled to injunctive relief under Cal. Civ. Code §1780(a).

**PRAYER FOR RELIEF**

40. WHEREFORE, Plaintiff Mark L. Javitch prays for the following relief:

a) An injunction requiring Defendants to cease all calls to Plaintiff;

b) An order declaring that Defendants' actions, as set out above, violate the TCPA;

c) An order declaring that Defendants' actions, as set out above, *knowingly* and *willfully* violate the TCPA;

d) An order declaring that Defendants' actions, as set out above, violate the California's Consumers Legal Remedies Act §1770(a)(22)(A);

e) An award of actual and/or statutory damages and civil penalties;

f) An award of reasonable attorneys' fees and costs; and

g) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: August 28, 2019

Respectfully submitted,

MARK L. JAVITCH

By:  /s/ Mark L. Javitch          .

Mark L. Javitch (SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo CA 94401
Tel: 650-781-8000
Fax: 650-648-0705
*Plaintiff/Attorney*

**Cal. Civ. Code 1780(d) Affidavit**

1. Plaintiff resides in San Mateo County, California.
2. The nearest court where Plaintiff's TCPA and CLRA claims could both be heard is the Northern District of California in San Francisco, California.
3. Therefore, this court is the proper place for the trial of the action.
4. I declare that the foregoing is true and correct under the laws of the State of California and the United States of America.

DATED: August 27, 2019

                                                            Respectfully submitted,

                                                            MARK L. JAVITCH

                                                            By: /s/ Mark L. Javitch          .

                                                            *Attorney / Plaintiff*